IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| ANDRE ARNOLD )<br>)<br>   Plaintiff, )<br>)<br>v. )<br>)<br>SAFERENT SOLUTIONS LLC f/k/a )<br>CORELOGIC RENTAL )<br>PROPERTY SOLULTIONS, LLC )<br>)<br>   Defendant. )<br>) | CIVIL ACTION NO:<br><br>COMPLAINT<br><br>JURY TRIAL DEMANDED |

## I.     PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer against the Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, as amended.

## II.     JURISDICTION AND VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.     Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III.     PARTIES

4.     Plaintiff Andre Arnold is an adult individual who resides in the State of Michigan.

5.     Defendant SafeRent Solutions LLC f/k/a Corelogic Rental Property Solutions, LLC ("SafeRent") is a consumer reporting agency which conducts business in the Eastern District of Michigan and has a principal office located at 3001 Hackberry Road, Irving, TX 75063.

## IV.     FACTUAL ALLEGATIONS

6.     Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties (hereafter the "inaccurate information").

7.     The inaccurate information includes a false criminal history labeling the Plaintiff as being a registered sex offender, and personal identifying information.

8.     Specifically, the inaccurate information includes, but is not limited to, an inaccurate sex offender record, which does not belong to Plaintiff, but instead belongs to another individual who has a similar name as Plaintiff.

9.     The inaccurate information negatively reflects upon the Plaintiff and misidentified Plaintiff as an individual with a sex offender record. It appears that Defendant, as a result of its unreasonable procedures, produced a consumer report that identified Plaintiff as being a registered sex offender because it mixed his criminal history with that of another person.

10.     Defendant has been reporting the inaccurate information through the issuance of false and inaccurate background information and consumer reports that it has disseminated to various persons and prospective landlords, both known and unknown.

11.     Plaintiff has applied for and has been delayed housing opportunities, including but not limited to, housing opportunities with Progress Residential in May 2022. Plaintiff has been informed that the basis for these delays was the inaccurate information that appears on Plaintiff's consumer reports with Defendant and that the inaccurate information was a substantial factor for those delays.

12. Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about Plaintiff. Had Defendant followed such procedures it would not have reported the Plaintiff as a sexual offender.

13. As of result of Defendant's conduct, Plaintiff has suffered actual damages in the form of delayed housing opportunities, harm to reputation, emotional distress, including anxiety, frustration, humiliation and embarrassment.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendant herein.

15. At all times pertinent hereto, the conduct of the Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal law and the rights of the Plaintiff herein.

### V.   CLAIMS

### COUNT ONE – VIOLATION OF THE FCRA

16. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

17. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

18. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

19. At all times pertinent hereto, the above-mentioned background report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

20. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant is liable to Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency pursuant to 15 U.S.C. § 1681e(b).

21. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## VI. JURY TRIAL DEMAND

22. Plaintiff demands trial by jury on all issues so triable.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

    (a) Statutory damages;

    (b) Actual damages;

    (c) Punitive damages;

    (d) Costs and reasonable attorney's fees; and

    (e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

**FRANCIS MAILMAN SOUMILAS, P.C.**

BY:   /s/ *Geoffrey H. Baskerville*
       GEOFFREY H. BASKERVILLE, ESQUIRE
       1600 Market Street, Suite 2510
       Philadelphia, PA 19103
       (215) 735-8600

       Attorneys for Plaintiff

Dated: June 30, 2022