UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE ARNOLD,

    Plaintiff,

v.

SAFERENT SOLUTIONS LLC,
f/k/a CORELOGIC RENTAL
PROPERTY SOLUTIONS, LLC.

    Defendants.
_____/

Case No. 22-11481
Hon. Denise Page Hood

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO STRIKE PLAINTIFF'S DISPARAGING FILINGS AND PROHIBIT HARASSING BEHAVIOR [ECF NO. 53]

Before the Court is Defendant SafeRent Solutions, LLC's Motion to Strike Plaintiff's Disparaging Filings and Prohibit Harassing Behavior. [ECF No. 53]. Plaintiff, Andre Arnold filed an untimely response on May 6, 2024. [ECF No. 70]. Defendant filed a reply on April 29, 2024. [ECF No. 69]. For the reasons stated herein, Defendant's motion is denied without prejudice.

This is a Fair Credit Reporting Act case. Following a settlement conference before Magistrate Judge Elizabeth Stafford, Plaintiff's counsel, Geoffrey Baskerville withdrew his representation in this matter and Plaintiff, Andre Arnold moved to proceed *pro se*. [ECF Nos. 19 and 22]. Plaintiff has filed several documents since the Court granted his request to proceed pro se. Many of those

documents are the subject of Defendant's motion. Specifically, Defendant requests that the Court enter an order "(1) striking Plaintiff's immaterial, impertinent, and scandalous allegations asserted in his Motion for Emergency Hearing, multiple subsequent filings of 'Judicial Notice' on February 15 and February 16, 2024, and 'Remove of Opposing Parties Counsel & Firm' filed on February 23, 2024 (together, the 'Disparaging Filings')." [ECF No. 70, PageID.385].

Federal Rule of Civil Procedure 12(f) governs motions to strike. It states, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own; or (2) on motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. Pro. 12(f). "Motions to strike are viewed with disfavor and are not frequently granted." *Meier v. Allstate Prop. & Cas. Ins. Co.*, No. 23-1904, 2024 WL 3964012, at *3 (6th Cir. Apr. 25, 2024) *quoting Operating Engineers Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015). However, a rule 12(f) motion is proper "where it will eliminate spurious issues before trial and streamline litigation." *Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc.*, 326 F. Supp. 3d 521, 531-32 (E.D. Mich. 2018) (citing *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F.Supp. 1078, 1083 (W.D. Mich. 1997)).

An allegation is "scandalous" when it "unnecessarily reflects on the moral character of an individual or states anything in repulsive language that 'detracts from the dignity of the court.'" *State Farm Mut. Auto. Ins. Co. v. Pointe Physical Therapy, LLC*, 107 F. Supp. 3d 772, 801 (E.D. Mich. 2015) (citing *L and L Gold Assoc., Inc. v. American Cash for Gold*, LLC, No. 09–10801, 2009 WL 1658108, at *1 (E.D.Mich. June 10, 2009)). Likewise, an allegation is "immaterial" when there is no essential nexus between the matter at issue and the claim. *Llewellyn-Jones v. Metro Prop. Grp., LLC*, 22 F. Supp. 3d 760, 776 (E.D. Mich. 2014). An "impertinent" allegation is one that is rude or otherwise lacking in respect and similarly has no bearing on the Court's adjudication of the matter in controversy. *Id*.

Defendant argues that "Plaintiff presented to the Court a series of patently false accusations relating to SafeRent, Foley & Lardner LLP, attorneys Christi A. Lawson and John Atallah, and the Court and its staff." [ECF No. 70, PageID.394]. Defendant further asserts that Plaintiff's accusations are devoid of support as "Plaintiff never mentions specific instances of behavior" to support his claims. *Id*. at PageID.395. Defendant also takes issue with the number of emails received from Plaintiff. See *Id*. ("Plaintiff has emailed undersigned counsel for SafeRent at least 86 times between February 15 and 28, 2024.").

3

It appears that Plaintiff's excessive emailing and its content are counsel's primary concern. While the Court acknowledges that it is not common for individuals to engage in such voluminous email communications, it appears that the "threats" Defendant is concerned about are Plaintiff's assertions that he plans to file pleadings related to alleged discriminatory actions. The Court has not seen anything in the correspondence which suggests that Plaintiff has physically threatened Defense counsel. Plaintiff's emails are not part of the Court's record and therefore, cannot be stricken from the Court's docket. Defendant's request is denied without prejudice.

Defendant has shown that the Disparaging Filings include scandalous, impertinent, and immaterial information, which will not aid in the disposition of this matter. Therefore, Defendant's motion to strike the Disparaging Filings is GRANTED.

In light of the foregoing,

IT IS SO ORDERED that Defendant's Motion to Strike Plaintiff's Disparaging Filings and Prohibit Harassing Behavior [ECF No. 53] is GRANTED to the extent that it relates to those sections in Plaintiff's Emergency Motion for Hearing [ECF No. 24] that discuss Defense Counsel of record, ECF No. 26 entitled "Judicial Notice," and ECF No. 46 entitled "Request to Remove Counsel and Firm."

IT IS FURTHER ORDERED that Defendant's Motion to Strike Plaintiff's Disparaging Filings and Prohibit Harassing Behavior [ECF No. 53] is DENIED WITHOUT PREJUDICE to the extent that it relates to emails sent by Plaintiff to Defense Counsel.

SO ORDERED.

s/Denise Page Hood<br>
Denise Page Hood<br>
United States District Judge

Dated: September 30, 2024

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on September 30, 2024, by electronic and/or ordinary mail.