## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANDRE ARNOLD,

     Plaintiff,                    Case No. 22-11481

v.                                  Hon. Denise Page Hood

SAFERENT SOLUTIONS LLC,
f/k/a CORELOGIC RENTAL
PROPERTY SOLUTIONS, LLC.

     Defendants.

_____/

## ORDER DENYING PLAINTIFF'S REQUESTS FOR
## LEAVE TO FILE DOCUMENTS [ECF NOS. 213 AND 214]

Plaintiff Andre Arnold moves this Court for leave to file a motion for reconsideration of his vexatious litigant designation. [ECF Nos. 213 and 214[1]]. On December 20, 2024, the Court deemed Plaintiff a vexatious litigant under E.D. Mich. L.R. 5.2 because "Plaintiff has engaged in excessive filing which has derailed the Court's ability to efficiently adjudicate Plaintiff's claim" against Defendant SafeRent Solutions, LLC and "[m]any of the documents filed by Plaintiff are not relevant to the matter before the Court, are duplicative, and violate

---

[1] ECF No. 214 is a request for permission to file a motion to remove Plaintiff's vexatious litigant designation and restore his ability to file documents absent leave of Court. This request appears to be duplicative of ECF No. 213 and requests the same relief prayed for in ECF No. 213. Therefore, the Court will evaluate both requests here.

the form and procedures in place to ensure efficiency." [ECF No. 193, PageID.3936]. The Court ordered that Plaintiff be enjoined from filing further documents absent leave of Court "to ensure the swift and proper disposition of this matter." *Id*. Plaintiff now seeks to file a motion for reconsideration of his vexatious litigant designation.

Local Rule 7.1(h)(2) governs motions for reconsideration on non-final orders in this District. It states,

> Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after the entry of the order and may be brought only upon the following grounds:
>
> A. The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;
> B. An intervening change in controlling law warrants a different outcome; or
> C. New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

"[A] motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted." *Draughn v. Caruso*, 2010 WL 1751885, at *1 (E.D. Mich. Apr. 29, 2010). "The movant shall not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must

result from a correction thereof." *Id*. "A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain." *Id*.

The Court entered its Order designating Plaintiff as a vexatious litigant on December 20, 2024. [ECF No. 193]. Plaintiff requested leave to file his motion for reconsideration on March 27, 2025. [ECF No. 213]. Any motion for reconsideration regarding Plaintiff's vexatious litigant designation would be well outside of the 14-day window for motions for reconsideration, proscribed by the Local Rules of this District. Therefore, Plaintiff's request for leave of Court to file such a motion is DENIED as untimely.

Even if Plaintiff's motion for reconsideration were timely, Plaintiff has not provided a valid basis for the Court to reconsider its December 20, 2024, Order. [ECF No. 213, PageID.4510]. Plaintiff argues that reconsideration is appropriate because the vexatious litigant designation has been imposed on him without due process, in violation of several Constitutional statutes including the First, Fifth, and Fourteenth Amendments.[2] *Id*. at PageID.4511. The Sixth Circuit has concluded that "[a] district court has the authority to enjoin prolific litigants from filing pleadings unless they first obtain court approval, and such pre-filing restrictions do not violate the First Amendment." *Sharwell v. Sherwin*, 234 F.3d 1269 (6th Cir.

---

[2] ECF No. 213 also makes reference to the Fourth, Sixth, Eighth, and Thirteenth Amendments, which are not applicable in this civil litigation which is before the Court on a single Fair Credit Reporting Act claim.

2000). "There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation." *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998). Plaintiff's requests to file a motion for reconsideration regarding the Court's December 20, 2024, Order deeming him a vexatious litigant and requiring him to seek leave of Court before filing, lack merit and are DENIED.

In light of the foregoing,

IT IS SO ORDERED that Plaintiff's Motion for Leave to File a Motion for Reconsideration regarding the Court's December 20, 2024, Order [ECF No. 213] is DENIED;

IT IS FURTHER ORDERE that Plaintiff's Request for Leave Under Emergency Circumstances to Remove Plaintiff's Vexatious Litigant Designation [ECF No. 214] is DENIED.

SO ORDERED.

/s/Denise Page Hood_____
Denise Page Hood
United States District Judge

Dated: April 23, 2025

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on April 23, 2025, by electronic and/or ordinary mail.

4