**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ANDRE ARNOLD,

    Plaintiff,

v.

SAFERENT SOLUTIONS, LLC,

    Defendant.
_____/

Case No. 22-11481
Hon. Denise Page Hood

### ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 194] AND DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT [ECF NO. 203]

### I. INTRODUCTION

Before the Court are cross motions for summary judgment. [ECF Nos. 194 & 203]. Defendant SafeRent Solutions LLC ("SafeRent") filed a response to Plaintiff Andre Arnold's motion for partial summary judgment [ECF No. 211]; however, Plaintiff failed to respond to SafeRent's motion. For the reasons stated herein, SafeRent's motion for summary judgment is GRANTED and Plaintiff's motion for partial summary judgment is DENIED.

### II. BACKGROUND

On June 30, 2022, Plaintiff filed a five-page Complaint against SafeRent, alleging one count – violation of the Federal Credit Reporting Act, 15 U.S.C. §

1681 *et. seq.* [ECF No. 1]. Plaintiff alleges that SafeRent "has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's background to third parties[.]" [ECF No. 1, PageID.2]. Specifically, Plaintiff alleges that SafeRent included "an inaccurate sex offender record, which does not belong to Plaintiff, but instead belongs to another individual who has a similar name as Plaintiff." *Id*. Plaintiff further alleges that the inaccurate report was the result of SafeRent's unreasonable procedures. *Id*. The inaccurate report delayed a housing opportunity for Plaintiff with Progress Residential. *Id*.[1]

Following discovery and an unsuccessful settlement conference, Plaintiff moved to withdraw counsel and proceed *pro se*, which this Court granted after a hearing on the matter. [ECF Nos. 19, 65, and 73]. Since that time, Plaintiff has filed numerous documents containing information unrelated to his Fair Credit Reporting Act ("FCRA") claim. As a result, the Court granted SafeRent's motion for an order designating Plaintiff a vexatious litigant, deeming his filings frivolous, and enjoining further filing in this matter. [ECF Nos. 193 and 220].

SafeRent now moves for summary judgment. [ECF No. 194]. SafeRent argues that "any error in Plaintiff's background report was not due to a violation of

---

[1] Plaintiff sought to amend his Complaint [ECF No. 117] to include several additional claims and parties, which was stricken. [ECF No. 193]. Plaintiff also filed a subsequent complaint in a separate matter (Case No. 24-11776), which the Court summarily dismissed.

2

the FCRA's reasonable procedures requirement, but instead due to Plaintiff's extensive use of an alias and self-imposed freeze on his Equifax credit file." *Id*. at PageID.3946. SafeRent argues that it has complied with the FCRA's reasonable procedures requirement and Plaintiff was not adversely impacted by SafeRent's reporting in any way. *Id*.

Plaintiff also filed a motion for partial summary judgment. [ECF No. 203]. Plaintiff argues that SafeRent has admitted to using screening algorithms which contain errors and disproportionately affect Black, Hispanic, and disabled individuals. *Id*. at PageID.4449. Plaintiff further argues that SafeRent provided falsified compliance records to the Consumer Financial Protection Bureau to conceal its failure to properly reinvestigate Plaintiff's tenant dispute and failed to provide full credit profile disclosures as required by 15 U.S.C. § 1681(g). It is Plaintiff's position that SafeRent's actions constitute willful violations of the FCRA.

### III. LAW AND ANALYSIS

Federal Rule of Civil Procedure 56 allows a party to move for summary judgment on some or all counts. Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). The movant must

3

cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" to establish that there is no genuine issue for trial. Rule 56(c)(1)(A). When deciding cross motions, the Court "must evaluate each motion on its own merits and view all facts and inferences in the light most favorable to the nonmoving party." *Pucci v. Michigan Supreme Ct.*, 601 F. Supp. 2d 886, 895 (E.D. Mich. 2009) quoting *Westfield Ins. Co. v. Tech Dry, Inc.*, 336 F.3d 503, 506 (6th Cir.2003). The Court "may not make credibility determinations nor weigh the evidence before it when determining whether an issue of fact remains for trial." *Id*.

The FCRA requires Credit Reporting Agencies ("CRA"), like SafeRent, to "maintain reasonable procedures designed to avoid violations of section 1681c of this title and to limit the furnishing of consumer reports to the purposes listed under section 1681b[.]" 15 USC 1681e(a). CRAs are also required to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 USC 1681e(b). Section 1681i(a)(1)(A) states in pertinent part:

> [I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency

4

> directly, or indirectly…the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

See also, *Berry v. Experian Info. Sols., Inc.*, 115 F.4th 528, 538 (6th Cir. 2024). The Sixth circuit has yet to define what constitutes a "reasonable procedure" on the part of CRAs to investigate and ensure maximum possible accuracy. However, in *Hammoud v. Equifax Info. Servs., LLC*, 52 F.4th 669, 675 (6th Cir. 2022) (quoting *Childress v. Experian Info. Sols., Inc.*, 790 F.3d 745, 747 (7th Cir. 2015)), the court found that at the point that a consumer pinpoints an inaccuracy, the investigative burden to ensure maximum possible accuracy is limited to conducting a reasonable reinvestigation of the disputed information. *Hammoud*, 52 F.4th at 675.

To succeed on his claim, Plaintiff must show that "(1) the defendant reported inaccurate information about the plaintiff; (2) the defendant either negligently or willfully failed to follow reasonable procedures to assure maximum possible accuracy of the information about the plaintiff; (3) the plaintiff was injured; and (4) the defendant's conduct was the proximate cause of the plaintiff's injury." *Nelski v. Trans Union, LLC*, 86 F. App'x 840, 844 (6th Cir. 2004).

### A. SafeRent's Motion for Summary Judgment

5

SafeRent does not dispute that it reported information on Plaintiff that turned out to be inaccurate. SafeRent argues that it followed reasonable procedures to assure maximum possible accuracy of the information about Plaintiff because Progress Residential provided it with Plaintiff's first and last names, date of birth, and social security number, and SafeRent reported the disputed sex offender record in its initial report on May 11, 2021. [ECF No. 194, PageID.3954]. The sex offender record matched a previously reported alias, Andre Young, associated with Plaintiff's social security number and birth year. *Id*. SafeRent further argues that the information was provided by a reliable source and that it had no other information to disqualify the match. *Id*. at PageID.3949. It was not until the following day that SafeRent was notified that a reinvestigation should be conducted after Plaintiff lifted the security freeze on his Experian credit profile. *Id*. The May 12, 2021, credit report produced by SafeRent did not include the disputed record, and Plaintiff was approved for housing on May 26, 2021. *Id*. at PageID.3950.

Plaintiff concedes that "Andre Young" is an alias with which he has been associated. *Id*. at PageID.3955. Record documents support the assertion that Plaintiff has been associated with several aliases, including Andre Young, and Plaintiff has put forth no evidence refuting the evidence showing his association with the aliases. *Id*. at PageID.4142.

6

As in *Hammoud*, once Plaintiff notified SafeRent of the error in his credit report, SafeRent took steps to correct the report and produced a new report without the disputed information the following day. Plaintiff was "in a better position…to detect errors" in his credit report and inquire about a fix which SafeRent swiftly took steps to address. *Hammoud*, 52 F.4th at 676. Therefore, SafeRent has shown that there is no genuine dispute as to whether it followed reasonable procedure to ensure the maximum accuracy of Plaintiff's credit report.[2] SafeRent's motion for summary judgment is GRANTED.

### B. Plaintiff's Motion for Partial Summary Judgment

Turning to Plaintiff's motion for partial summary judgment, Plaintiff argues without support that "SafeRent has admitted in multiple reinvestigations that its tenant screening algorithms contain errors that disproportionately affect Black, Hispanic, and disabled individuals." [ECF No. 203, PageID.4449]. That SafeRent "provided falsified compliance records to the Consumer Financial Protection Bureau (CFPB) to conceal its failure to properly reinvestigate tenant disputes." *Id*. That "SafeRent failed to provide full credit file disclosures as required by 15 U.S.C. § 1681g, proving its willful noncompliance." *Id*.

---

[2] Plaintiff's failure to respond to SafeRent's motion for summary judgment forfeits any argument to the contrary. See *Palma v. Johns*, 27 F.4th 419, 429 n.1 (6th Cir. 2022).

As to Plaintiff's first point, there is no allegation of discrimination in this matter and a showing of discrimination is not required to prove a claim under 15 U.S.C. 1681e. Further, Plaintiff has not provided any support for the statements that SafeRent falsified any document to the CFPB and has not established that he would have a private right of action for any falsification. Plaintiff has further failed to show that SafeRent impermissibly provided incomplete credit reports. It is the movant's burden to show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a). It is also Plaintiff's burden to cite to "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" to establish that there is no genuine issue for trial. Rule 56(c)(1)(A). He has failed to do so.

Plaintiff has failed to show that he is entitled to summary judgment and his motion is DENIED.

IV.   CONCLUSION/ORDER

In light of the foregoing,

IT IS SO ORDERED that Defendant's Motion for Summary Judgment [ECF No. 194] is GRANTED;

8

IT IS FURTHER ORDERED that Plaintiff's Motion for Partial Summary Judgment [ECF No. 203] is DENIED;

IT IS FURTHER ORDERED that this Order dismisses the sole claim brought by Plaintiff against Defendant and closes the case.

SO ORDERED.

s/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: July 15, 2025

I hereby certify that a copy of the foregoing document was served upon counsel of record or party on July 15, 2025, by electronic and/or ordinary mail.