UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE ARNOLD,

    Plaintiff,

v.

    Case No. 22-11481
    Hon. Denise Page Hood

SAFERENT SOLUTIONS, LLC,

    Defendant.
_____/

### ORDER DENYING PLAINTIFF'S MOTION UNDER RULE 59(e), TO ALTER OR AMEND JUDGMENT [ECF NO. 226]

Before the Court is Plaintiff's Motion under Rule 59(e) to Alter or Amend Judgment. [ECF No. 226]. Plaintiff filed a Notice of Appeal on July 16, 2025 prior to filing the instant motion. [ECF No. 224]. Therefore, this Court lacks jurisdiction to rule on Plaintiff's motion pending appeal. See *Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir.1981) ("As a general rule the filing of a notice of appeal divests the district court of jurisdiction and transfers jurisdiction to the court of appeals."). On appeal, a district court may not alter or enlarge the scope of a judgment pending appeal but only enforce it. *NLRB v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 588 (6th Cir.1987). Plaintiff's motion is DENIED.

Even if the Court had jurisdiction to review Plaintiff's Rule 59(e) motion, the Court denies the motion. An amendment of an order after a judgment has been

entered is governed by Rule 59(e) of the Federal Rules of Civil Procedure. Rule 59(e) provides that any motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Motions to alter or amend judgment may be granted if there is a clear error of law, newly discovered evidence, an intervening change in controlling law or to prevent manifest injustice. *GenCorp., Inc. v. American Int'l Underwriters,* 178 F.3d 804, 834 (6th Cir. 1999). A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier. *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)). Parties seeking reconsideration of final orders or judgments must file a motion under Rule 59(e) and not under the Local Rules. E.D. Mich. LR 7(h)(1).

After reviewing Plaintiff's Motion, the Court finds that Plaintiff's Motion merely presents the same issues raised by Plaintiff on numerous papers and ruled upon by the Court, either expressly or by reasonable implication. The Court dismissed Plaintiff's claims based on Defendant's Motion for Summary Judgment, the Court finding that Defendant has shown there is no genuine dispute as to whether it followed reasonable procedures to ensure the accuracy of Plaintiff's credit report. (ECF No. 222, PageID.4547) Plaintiff's Motion has not shown that the Court

committed a clear error of law nor a palpable defect.  Plaintiff has not shown that altering the Order and Judgment would prevent manifest injustice.  The Motion to Alter Judgment under Rule 59(e) is denied.

In light of the foregoing,

IT IS SO ORDERED that Plaintiff's Motion under Rule 59(e) to Alter or Amend Judgment [ECF NO. 226] is DENIED.

s/Denise Page Hood  
Denise Page Hood  
United States District Judge

Dated: August 14, 2025